United States District Court
Southern District of Texas
**ENTERED**
February 02, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TWIN CITY FIRE | § | CIVIL ACTION NO |
| INSURANCE COMPANY, | § | 4:22-cv-02635 |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| PHYLLIS SLIVA, | § | |
| Defendant and | § | |
| Third Party Defendant, | § | |
| | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| PERMA POM LLC, | § | |
| Third Party Defendant. | § | |

OPINION AND ORDER
GRANTING MOTION TO DISMISS

The motion by Third Party Defendant Perma Pom, LLC, to dismiss the claim brought against it by Third Party Plaintiff Phyllis Sliva is granted. Dkt 39. Its prior motion to dismiss is denied as moot. Dkt 35.

1. Background

Perma Pom was the employer of Phyllis Sliva. In 2017, Sliva loaned Perma Pom over $250,000 so that it could purchase a competitor. Dkt 32 at 2–3.

In 2019, Perma Pom purchased a policy from Plaintiff Twin City Fire Insurance Company, which included coverage for certain losses due to crime, including employee theft. Perma Pom's CEO at the time was Phyllis

Sliva's husband, Robert Sliva, while she served as its business operations manager. Dkts 1 at 2 & 38 at 2. Robert Sliva committed suicide in August 2020. Phyllis Sliva was fired the next month. Dkt 38 at 5.

Perma Pom investigated the Slivas' use of the company credit card after termination of Phyllis Sliva. It discovered over $400,000 in allegedly unauthorized charges occurring from 2015 through 2020. Dkt 1 at 2–3. Perma Pom filed a claim with Twin City for the loss, representing that both Robert and Phyllis Sliva had made the unauthorized purchases. Id at 2; see also Dkt 38 at 11–13. Twin City hired an accounting firm to examine the accounts. Following this investigation, Perma Pom amended its loss to just under $390,000. After further examination, Twin City concluded that the Slivas had used Perma Pom's credit card for approximately $370,000 in unauthorized personal expenditures. Twin City eventually paid out approximately $312,000 for the claim. Dkt 1 at 2–3.

Perma Pom assigned its right to recover against the Slivas to Twin City, which initiated this action against Phyllis Sliva in August 2022. Dkt 1. Sliva then brought a third-party complaint against Perma Pom in July 2023. Dkt 32. The next month, she filed an amended complaint, reiterating and clarifying many of the claims made in the original complaint. Dkt 38. She demands that Perma Pom repay the 2017 loan she made to the business. Id at ¶¶ 53–58. She also alleges fraud and fraudulent inducement by Perma Pom, stating that Perma Pom made false statements to Twin City regarding her personal knowledge of the credit card transactions and their unauthorized nature. Id at ¶¶ 42–52.

Pending are two motions to dismiss by Perma Pom that attack only the fraud and fraudulent inducement claims. Dkts 35 & 39.

2.   Legal standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is

entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted."

"It has long been clear that federal courts sitting in diversity must apply state substantive law and federal procedural law." *Brown v Burlington Coat Factory of Texas Inc,* 516 F Supp 3d 693, 694–95 (SD Tex 2021), citing *Hanna v Plumer,* 380 US 460, 465 (1965); see also *Erie Railroad Co v Tompkins,* 304 US 64, 78 (1938). Texas law provides the substantive law in this case. In making an *Erie* determination, the court is "emphatically not permitted to do merely what [it] think[s] best; [it] must do that which [it] think[s] the [Texas] Supreme Court would deem best." *Jackson v Johns–Manville Sales Corp,* 781 F2d 394, 397 (5th Cir 1986), abrogated in part by *Salve Regina College v Russell*, 499 US 225, 242 (1991).

### 3.  Analysis

Perma Pom moved to dismiss the original complaint for failure to state a claim. Dkt 35. Sliva amended her complaint. Dkt 38. Perma Pom again moved to dismiss or, in the alternative, for a more definite statement. Dkt 39.

Only the latter motion need be addressed. The prior motion will be denied as moot.

### a.  Fraud

Actionable fraud under Texas law requires allegations that (i) a material representation was made, (ii) the representation was false, (iii) the speaker knew it was false or made it recklessly without any knowledge of the truth, (iv) the speaker made the representation with the intent that the other party should act upon it, (v) the party acted in reliance on it, and (vi) the party thereby suffered injury. *Source 4 Value v Hoelzer,* 2020 WL 4249744, *3 (Tex App—Amarillo, pet denied), citing *Aquaplex, Inc v Rancho La Valencia, Inc,* 297 SW3d 768, 774 (Tex 2009).

It is assumed for purposes here that Sliva sufficiently pleads the first four elements within the context of her claim against Perma Pom. *First,* she alleges that Perma Pom made representations to Twin City that were

material, citing the statements by Perma Pom that blame her for the unauthorized purchases. Dkt 38 at 11–13. *Second,* she pleads facts that suggest those representations are false, including her allegation that she wasn't responsible for reconciling credit card charges and lacked access to the monthly statements. Id at 4. *Third,* she alleges that Perma Pom knew the information was incorrect when they made the statements, including a laundry list of instances where Perma Pom employees tasked with reviewing the subject charges marked certain expenses as fraudulent when they themselves made those kinds of purchases. Id at 7–8. *Fourth,* she claims that the assertions were made to induce Twin City to pay Perma Pom under the policy, citing Perma Pom's submission of proof of loss to Twin City. Id at 13.

Even so, actionable fraud requires two further elements, being that the party *to whom the misrepresentations were made* acted in reliance on the misrepresentations and thereby suffered injury. *Source 4 Value*, 2020 WL 4249744 at \*3. And it is sufficiently alleged that Twin City acted in reliance on Perma Pom's misrepresentations. But the connection to injury falters, which of its nature must be injury to Twin City *as the party bringing the claim*. Instead, Twin City in no way asserts that it was defrauded. Looked at another way, Sliva herself didn't *receive* Perma Pom's alleged misrepresentations— Twin City did. And while Sliva was the *subject* of the statements, she couldn't have been injured by them in the manner contemplated by Texas law.

Sliva attempts to get around this by sponsoring a theory of third-party misrepresentation. Texas law provides that "a third party can be held liable for the misrepresentation of another if the third party benefits from the fraudulent transaction and had knowledge of the fraud." *Source 4 Value,* 2020 WL 4249744 at \*3, citing *First State Bank of Miami v Fatheree,* 847 SW2d 391, 396 (Tex App—Amarillo 1993, writ denied). But who is that third party here? Sliva crafts a narrative in which she is the one injured by misrepresentations of Perma Pom to Twin City.

4

To the contrary, that reflects a fundamental misunder-standing about who is making the statement and who is being injured. Dkt 41 at 4–5.

Sliva largely relies on *Source 4 Value* to assert her theory of third-party liability. Dkt 41. The defendant there received money from a business that obtained $15,000 through a fraudulent transaction with two college students. 2020 WL 4249744 at **1–2, 4. Said another way, a business defrauded the students, and that business sent the money to the defendant. The college students sued the defendant as a beneficiary of fraud, and the appellate court affirmed a jury finding against the defendant. Id at *6.

But here, Perma Pom has allegedly defrauded Twin City by making alleged misrepresentations to Twin City, full stop. What's more, Perma Pom's possession of money paid to it by Twin City isn't money that derived from Sliva in the first instance. The claim that Sliva was somehow collaterally harmed by Perma Pom's alleged fraud against Twin City doesn't equate to the claim that Perma Pom committed fraud against her.

Sliva fails to state a plausible claim with respect to the enumerated elements of fraud under Texas law. The motion to dismiss will be granted as to the fraud claim.

### b. Fraudulent inducement

The Texas Supreme Court holds that "a fraudulent-inducement claim requires proof that: (1) the defendant made a material misrepresentation; (2) the defendant knew at the time that the representation was false or lacked knowledge of its truth; (3) the defendant intended that the plaintiff should rely or act on the misrepresentation; (4) the plaintiff relied on the misrepresentation; and (5) the plaintiff's reliance on the misrepresentation caused injury." *International Business Machines Corp v Lufkin Industries, LLC,* 573 SW3d 224, 228 (Tex 2019).

As above, even accepting the allegations as true under Sliva's theory of her claim, she at best establishes that Perma Pom may have somehow fraudulently induced Twin

City. But nothing in Texas law supports her theory that she can sue Perma Pom for that alleged fraudulent inducement. Dkt 41 at 5–7. To the contrary, the Texas Supreme Court is clear that the plaintiff must be the one relying on the misrepresentation. For example, see *International Business Machines,* 573 SW3d at 228. And again, nothing suggests that any representation was made to her, or that she relied on any statement to her detriment.

The motion to dismiss will be granted as to the fraudulent inducement claim.

### c.   Compliance with Rule 9(b)

As to both fraud and fraudulent inducement, Perma Pom also argues that Sliva hasn't sufficiently pleaded those claims under the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure. Dkt 39 at 8–11. This is an alternative argument that needn't be addressed in light of the above resolution.

### 4.   Potential for repleading

Rule 15(a)(2) provides that a district court "should freely give leave [to amend] when justice so requires." The Fifth Circuit holds that this "'evinces a bias in favor of granting leave to amend.'" *Carroll v Fort James Corp,* 470 F3d 1171, 1175 (5th Cir 2006) (citation omitted). But the decision whether to grant leave to amend is within the sound discretion of the district court. *Pervasive Software Inc v Lexware GmbH & Co KG,* 688 F3d 214, 232 (5th Cir 2012) (citation omitted). It may be denied "when it would cause undue delay, be the result of bad faith, represent the repeated failure to cure previous amendments, create undue prejudice, or be futile." *Morgan v Chapman,* 969 F3d 238, 248 (5th Cir 2020), citing *Smith v EMC Corp,* 393 F3d 590, 595 (5th Cir 2004).

This was Sliva's second attempt to state fraud and fraudulent inducement claims against Perma Pom. She once again fails to state facts establishing all of the essential elements of such claims. Given that she has failed to cure previous defects identified by Twin City, see Dkt 35, and that her intended claims appear to be futile under

applicable law, she will not be allowed further chance to replead these claims against Perma Pom.

For the avoidance of doubt, the claim pertaining to the 2017 loan agreement still proceeds. What's more, Sliva's theory of the case as summarized above appears to remain at issue, even though it won't proceed as an independent claim against Perma Pom. This is because the amended complaint makes clear that Twin City is acting upon assignment of claim from Perma Pom. Dkt 24 at ¶ 12. And it relays facts based on investigation of Perma Pom's insurance claim that, if found true, could support its claims for conspiracy, fraud and fraud by omission, and breach of fiduciary duty. Id at ¶¶ 5–11. But nothing in this action has yet established that Twin City correctly paid out on the claim of its insured. If Perma Pom was—as argued by Sliva—misrepresenting the state of affairs as between itself and the Slivas, that would appear to present a factual defense to this subrogation action brought by Twin City.

Sliva's answer notably asserts no affirmative defenses, even as it almost entirely denies the substantive allegations of Twin City's complaint. Dkt 31. In light of the above ruling, Sliva may promptly consider and request permission to amend her answer to state any available affirmative defenses, if believed necessary to place those facts at issue in this litigation.

5.   Conclusion

The motion by Third Party Defendant Perma Pom, LLC, to dismiss the claims for fraud and fraudulent inducement brought against it by Third Party Plaintiff Phyllis Sliva is GRANTED. Dkt 39. Those claims are DISMISSED WITH PREJUDICE. See Dkt 38 at ¶¶ 42–52.

The prior motion to dismiss by Perma Pom is DENIED AS MOOT. Dkt 35.

The claim asserted by Sliva against Perma Pom with respect to the 2017 loan agreement still proceeds in this action. See Dkt 38 at ¶¶ 53–58.

SO ORDERED.

Signed on February 2, 2024, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge